4TH COA No.04-15-00012-CV / 04-14-00922-CV
Trial No.2005-CI-18884 / 2010-CI-12625

JOHN E. RODARTE SR.                    §        IN THE COURT OF APPEALS
Affiant,Appellant,
Movant,In Propia Persona              §

VS                                     §        FOURTH COURT OF APPEALS

BEXAR COUNTY,TEXAS,SHERIFF            §
RALPH LOPEZ,ET AL                     §
Appellees                                       SAN ANTONIO,TEXAS

RESPONSE TO FOURTH COURT OF APPEALS ORDER
MOTION TO WAIVE CHAP.14 DOCUMENTATION
REQUIREMENTS,UNABLE TO COMPLY WITH
FULL DOCUMENTATION,THAT CAN BE PROVIDED
BY CLERKS OF THE RESPECTIVE COURTS
QUESTION OF LAW

To The Honorable Court And Justices:

Now comes John E. Rodarte Sr.,in the above styled and numbered
cause of action. On this date of March 04,2015 completes this,his
document,and will show the following:

It is appellant's belief,that correct appeals brief has been
submitted to this court for the above civil action. Appellant,
maintains another civil action:John E. Rodarte Sr. Vs.TDFPS,cause
number 2010-CI-12625,4TH COA # 04-14-00922-CV,which would concern
the very same provisions set forth with this court's own orders
that appellant Rodarte Sr.,provide Civ.Prac.and Rem.Chap.14 doc-
umentation of other indignet court filinga and court actions.
Therefore,appellant Rodarte Sr.,requests,for the suspension of
filing requirements for Appeal No.04-14-00922-CV as due by this
court by March 16th,2015 for Appeal No.04-15-00012-CV and March 23,
2015 for Appeal No.04-14-00922-CV,being that the very identical
requirements have been set forth by this court in both respective
appeals. Thus,such pleading requirements,are motioned by appellant
that they be waived,pursuant to T.R.A.P. Rule 2.

Appellant Rodarte Sr.,respectfully asks for leave of court,to allow
him to proceed in the best possible manner and fashion,that appellant
has come accustomed to,in that,appellant's pleadings,should be clear
and understandable. This is said as well,due to the fact that the
law library here at the Clements Unit,fails the parameters set by
The Access To Courts'rules and denies the appellant the necessary
legal material,to maintain a legal level playing field against the
appellees,who are afforded all of the legal material and legal assist-
ance,that the appellant does not have the luxury that the appellees
have at their disposal. This is violative of due process and equal
protection of the laws,guaranteed by the 14th Amendment.

1.

Once again for clarity purposes,appellant Rodarte Sr.,wishes,that the application of the information provided herein,be applied as well to the other appeal of John E. Rodarte Sr. Vs. Texas Department Of Family And Protective Services,Appeal No.04-14-00922-CV.

It is also requested by appellant Rodarte Sr.,that the honorable 4TH COA,order its clerk,to obtain verification of the cases filed by appellant,from the U.S. District Court,U.S. Court Of Appeals,For The 5TH Circuit in Louisiana,U.S. Bankruptcy Court,both U.S. Courts are located in San Antonio,Texas(Dist.Ct.& Bankruptcy Ct.),Bexar County District Clerk,Donna Kay McKinney,Travis County,Texas District Clerk,Third Court Of Appeals in Austin,Texas.

While there are two cause numbers that appellant may not be able to provide this court with,the following cases are as follows: U.S. District Court in San Antonio,Texas SA-14-CA-100-DAE which was transferred from U.S. District Court in Austin,Texas,to which garnishment of Rodarte's Inmate Trust Fund Account was ordered,and still being paid on,a balance of $270.00;there was a case filed in 2003 or 2004 in U.S. Dist.Ct.in San Antonio,Texas;5:07-cv-988-XR; SA-13-CA-1126; for a total of four U.S. Dist.Ct.cases,all in San Antonio,except for the one in Austin. The Austin case number is A-13-CV-1093-LY.

Next,the 5TH Circuit Ct.cases:14-50268 and 08-51253 for payment was made in full. The U.S. Dist.Ct.case above,is correctly stated now as 5:07-cv-00988-XR-PMA. Appellant,wishes to inform the court,that the following case numbers,were not manufactured out of thin air.

Potter County Dist.Clerk,for cause number,to which appellant is a party to and representative thereof,No.98395-E or 098395-00E or 098395-E;Austin,Texas Dist.Clerk cause numbers are: D-1-GN-13-001125 dismissed in part,renumbered in part,to ,excuse me,severed to number D-1-GN-13-003246 to the 345th Ct. from the 98th Ct.

Third Court Of Appeals in Austin,Texas is 03-13-00705-CV. I believe the Judge Mary Roman portion,was the part that was severed,it may very well be,that the portion against CPS may very well be active, awaiting dismissal docket,hence the ruling for continued right to litigate the case,due to the provisions set forth under Texas law afforded by the Discovery Rule,as this court has been apprised of.

Therefore,it may very well under a question of law,become,should it become necessary,that intervention be motioned for,by the Texas Supreme Court and the U.S. Supreme Court.

2.

The Austin civil case,00346 case,may have been dismissed by the operation of law provisions,yet,it must be questioned under the prinicples of being placed on the dismissal docket,to which,appellant has never received notice of.

The next cases,are out of San Antonio,Texas,should be residing at the Bexar County District Clerk's Office under the following: 2003-CR-2907; 2003-CR-6651; 2010-CI-14597 Beneficial Texas Inc.Vs. Rachel A. Rodarte John E. Rodarte Sr.,2010-CI-03698 John E. Rodarte Sr.Vs. Rosanna J. Patterson; John E. Rodarte Sr. Vs. The State Of Texas et al,2011-CI-03434;2010 -CI-12625;2005-CI-18884 John E. Rodarte Sr. Vs. Bexar County,Texas,Sheriff Ralph Lopez,et al;2010-CI-12625 Rodarte Sr. Vs.Texas Department Of Family And Protective Services.

The following cases,are/can be found at the 4TH COA in San Antonio, Texas. The following cases are: 04-04-00154-CV for a writ of mandamus to which,in all reality,should have granted the proper relief,but it was overlooked;04-04-00673-CR a criminal appeal,to which,was not argued as per Robinson Vs. State,16 S.W.3rd.808 and the favorable Brady evidence found in the 1995 CPS file;04-10-00880-CV; 04-12-00211-CV;04-14-00681-CV;04-14-00922-CV;and 04-15-00012-CV and a hot check case against me,that should have been appealed,due to denial of my request for a jury trial and request for a handwriting expert,plus all hot checks written,were written while I was detained at the Bexar County Adult Detention Center,but who would listen to me,all that had to be done was compare the dates on the checks and my detainment on April 17,2003 to October 29,2004,should suffice,that I was wrongfully charged and illegally misrepresented by counsel.

HOT CHECK CASE# 936498 BEXAR Co.

One last issue,is cause no.14-0388 in the Texas Supreme Court. It has to argued under questions of law,is it customary,for the courts to misapply constitutional laws,statutes,codes,etc? Under a question of law,when a case has been set for jury trial,can such a case,go against a judge's court order,placing a case on the jury docket,and hearing motions to dismiss,thus going against a judge's order?

This is further made argueable,in that,while a case has been placed on the jury docket,to which this has been done twice,deny a constitutional right to a trial by jury,especially when the cases exhibiting favorable decisions in the appellate courts and Texas Supreme Ct.,in that certain issues,concerning notice,and failing to give notice,are issues that must be resolved by a jury.

3.

Appellant Rodarte Sr., believes that he has provided sufficient cause numbers for the honorable 4TH COA, to show that appellant has complied with documentation of his filings in other courts in this documentation or document. This is offered pursuant to Government Code, 311.011(a), should satisfy this court's application of 'documentation'.

In the case that the word and application of documentation, does for some reason not satisfy this court, then, blame must be placed where blame must be placed. Appellant, due to not wanting to divulge his hard copies that contain evidence of the court cases listed above, then let the blame fall where it should. It may appear that the clerk of this court, will not obtain verification of the cases listed, therefore, make it possible for this court to dismiss for non-compliance by the appellant, even though appellant has provided the court with the necessary cause numbers, that should satisfy the requirements of evidence, only too easy to dismiss appellant's claims.

This is further evident, due to this prison's unit law library staff concerning indigent supplies. It seems that the indigent supply staff are retaliate against appellant for filing grievances against certain officers, by allowing appellant only three business envelopes, when he always requests five envelopes.

What this does is, stall the appellant's attempt in submitting to the other clerks of the courts, notice and request for hard copy documentation, in order to fully provide this court with 'documentation' and more evidene, that appellant is trying the best he can do, only if the circumstances were more readily available without interference.

It is quite evident, that appellant had to submit the listed filings its just that, had not an illegal judgement of conviction been imposed upon him, appellant's 'outside interests' would not have had to become subjected to the necessity of a court forum.

This next passage, is not intended to point fingers or lay blame, but if it should feel this way, then this must be the case. Appellant will begin with the newly appointed D.A. Mr. Lahood. Now, if appellant is incorrect, then appellant will offer his sincerest apology to Mr. Lahood. There was a law firm, that employed an attorney by the name of Lahood, I have no information to ensure that, that Mr. Lahood is the same person as the D.A. Anyway, the appellant had hired a Mr. Blas Delgado, to represent appellant in a divorce, to which such shoddy representation caused appellant to fall suspect to too many questionable issues, that would include now.                    4.

It is this shoddines and questionable handling of appellant's legal proceedings,that can only offer one explaination,that the evidence of said poor worksmanship,is just too great,and appellant Rodarte Sr.,has had to take the brunt of such poor professional performance all by himself. This goes on to include the very same courts as a whole,who go to extremes to defend such shoddy professionalism. Once again,the proof is evident,its in the records.

Appellant,does not know why Mr. Lahood dismissed a number of Assistant D.A.'s,and appellant does not know if Crystal Chandler and Earnest McClure are one or two of the attorneys dismissed,the appellant,would like to know the reasons why such dismissals took place.

When the case sites,whether Texas Southwestern Reporter,Federal Reporter,Supreme Court Reporter,as they are written,show within said pages of the above referenced books,show that causes,as filed by appellant,including now,that should garner reinstatement of the two current cases under appeal,only because of the questionable dismissals,would not have to be subjected to appeal,had said cases been held properly before a jury and proper law applied,by those who are in the know and licensed in this state,should have never had allowed such misapplications to go as far as they have,yet here we are.

Under a question of law,being that a case,being placed on the jury docket,cannot be remove from the docket,any and all questions,must be submitted to the jury,not another bench trial or hearings. The judges and attorneys know this,not without agreement from the appellant,this was done twice in appellant's injury case,to which for some reason,the clerks keep leaving out the defendant Bexar County from the title of cause 2005-CI-18884 and only stating Sheriff Ralph Lopez,et al.

When appellant,had to undergo being subjected to a criminal case a case to which this submission does not pertain to,yet was improperly addressed in this court,as then,Mr.Langlois should have done the same for this appellant,as he did in the case of Robinson Vs. State,16 S.W.3rd.808 in light of the litigated 1995 CPS file,a file that should have made it to appellant's criminal trial,to which this submission to this court now has before it,shows that appellant did not harm his children,and shows that the state along with the agency CPS,denied appellant's sons the lawful constitutional protections,and was concealed.          5.

As the denial to favorable Brady Material,such as the 1995 CPS file and the 1995 divorce file,1995-CI-05393 would have shown in appellant's criminal trial,is that under Texas law,once an issue has been litigated concerning the very same issues and claims as in the previous proceeding,whether civil or criminal.cannot be litigated against the same parties again,wether in privity,or through the state(D.A.),using the same person in the previous proceeding, that resulted by a final judgement in a competent court.

It is the response by Judge Mary Roman,that since the D.A. did not have such 1995 evidence in its possession,it did not violate Brady. As it has been articulated in Auters Vs.US,632 F.2nd.478 along with Brady Vs.Maryland,83 S.Ct.1189,McCoy Vs. Hernandez,203 F.3rd.261, Garcia Vs.State,308 S.W.3rd.62,goes to show that the officers of the state grossly failed to investigate,and certain officers of the state either overlooked or looked the other way when said issues were clear and a ministerial duty,should have caught someone's eye,yet the gross overlooking was the easier road to take.

So does all of this have to do with anything,other than why this is having to be plead to this court? Plenty,again,it is the overlooking of important matters that are of great concern,not just to the appellant,but to his sons just as well and equally.

What happened to appellant,it can be said just the same for his sons,John Jr.and Hawke,due to the fact,that such 'shoddiness of professionalism by the officers of the State,denied appellant his right to go home,have his children removed from where they were court ordered to stay,in an abusive home,that CPS should have done the right thing, but alas,it was easier to do the wrong thing and conceal it. This issue of concealment,has already been brought to the attention of this court,now appellant is waiting for this court to do the right thing, and must be questioned,if this court will even do the right thing, and allow for reinstatement of the cases plead to,simply because,the allowance of such a long period of time,without any corrective measures,until now,would allow a wrong to continue without any recourse or finding responsible the rightful parties,just because they are officers of the State,and hide and conceal themselves under the cloak of sovereign immunity and not be held liable.

6.

Under a question of law, under the equal protection of the law clause of the 14th Amendment, is it quite possible to the extent, that appellant would have been able to pay the costs and fees to at least some extent, had appellant been in his liberty?

It would appear, that the officers of the State and court, are subjecting the appellant, to 'jumping through hoops' just so appellant will either get tired of so much paper pushing, or just so the court will have an excuse, in which to dismiss the cases, just because there is a law, a statute, under Civ.Prac.and Rem.Chap.14, which, without ever having meritful litigation ever reach a courtroom, just because such litigation has been labeled inmate litigation, and the excuse is that an inmate is filing any kind of lawsuit just because the court 'thinks' such litigation is frivolous, thus giving meritful cases, usually that concern litigation against the State or its officials, easy to dismiss thus, under a question of law, is said statute, Chap.14 unconstitutional? Because it denies a person, just because he or she is labeled an inmate? Does this further, under a question of law, deserve further scrutiny, as discrimination by being an inmate? Does this fall under the 'profiling'due to race or gender, just because a person is an inmate?

Therefore, does this violate a person's Bill Of Rights' just because they are incarcerated? Does such litigation and application of Chap. 14, deny or violate a person's right to equal protection of the laws? Just because a person is indigent?

This is just too much, to be able to deny a case, just because it fall under a statute, and will never allow a case to have its day in court before a jury as afforded by law Texas or U.S. or otherwise. Such, would implicate, that there are other U.S. Constitutional denials at play just as well.

This issue of Brady material, goes on to include evaluations by a Carol Albert there in San Antonio, that, is evidence that should have made to appellant's criminal trial and did not. It is therefore now being requested, for the proper furtherance of the case against CPS and show willful witholding and concealment of evidence, that the appellant did not harm his sons, that appellant's sons were being abused physically and sexually by someone other than the appellant, that the State did nothing about it when it concerned appellant's sons, or the appellant, to show favorable evidence, go home and love his children as the 14th Amendment protects the parent-child relationship, something that, it would appear the officers involved in this matter have no worldly idea.          7.          Respectfully Submitted,

## CONCLUSION

Appellant Rodarte Sr., only wishes that the law be applied faithfully in correcting some gross injustices done against his family, and to appellant. These are concerns, that cannot be left to a judge anymore, let the true triers of fact, be the judges here on lawsuits against those, that are thought to protect and serve the community and do not. That those that protect and serve, do not protect and serve the community, but only serve themselves, otherwise, why are there Housebills being passed, that raise an issue of third party interests, especially a judge? These interests, do not only apply to just a judge, but to all of those persons who are a part of the judge, arm extensions of the State, who must be held accountable always for their actions, just like anyone else.

Appellant asks, that due to the constraints placed upon him by the law library, by not issuing sufficient envelopes, in which to send notice and requests to clerks of other courts, it is asked of this court and Mr. Nicolas A. Lahood, that it allow appellant to satisfy this court's requirement for hard copy documentation.

It is further requested by appellant, of Mr. Lahood, to serve copy of this document to Mr. Clarkson F. Brown, A.D.A. for Bexar County, and Jason T. Contreras, Assistant Attorney General. Appellant did not make these problems to impose them upon the defendants or their counsel, all that is asked, that the records be reviewed with a fine toothed comb, with an undivided application of the law as the evidence presents itself. That the divorce documents be brought before this court, the evaluations done by Carol Albert, the 1995 CPS investigation that a jury may be better suited for their evaluation, not a judge or a panel of judges, too much room for a biased judgement, even though the law shows that this will not be the case, experirence, corruption, other interests, concealment, biases, integrity of the court, can only be maintained through a jury trial, court's upto this point when it comes to the children of appellant and the appellant, said court's have been severely compromised, there is no trust in such a system. Appellant, has sufficiently provided Dist.Clk. necessary indigent info for an appellate record. This court is just looking for any avenue in which to dismiss legitimate cases against ~~Sincerely~~ Said, its own constituents.

## CERTIFICATE OF SERVICE

This is to certify, that a true and correct copy of this foregoing document, has been forwarded to Mr. Nicolas A. Lahood, District Attorney For Bexar County, Texas 101 West Nueva St., Suite 370 San Antonio, Texas 78205 by first class mail.

Executed On This March 04, 2015                    Respectfully Done,

J.R./j.r.
03/04/2015

Yone E. Rodarte Sr.
T.D.C.J.# 1263270
Clements Unit
9601 Spur 591
Amarillo,Texas 79107-9606

LEGAL MAIL
LEGAL MAIL

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2015 MAR -9 PM 1:42

Keith E. Hottle
H E. HL

Fourth Court Of Appeals
Office Of The Clerk:
300 Dolorosa St.,Suite 3200
San Antonio,Texas 78205-3037



PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION